**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GAR ENERGY AND ASSOCIATES, INC., et al., | )  Case No.: 1:11-cv-00907  AWI JLT |
| Plaintiffs, | )  ORDER GRANTING STIPULATED PROTECTIVE )  ORDERS |
| v. | )  (Doc. 84) |
| IVANHOE ENERGY INC., et al., | ) |
| Defendants. | ) |

The Court remanded this matter to arbitration on January 20, 2012.  (Doc. 70)  In that process, the parties agreed to an original and supplemental protective order to govern the exchange and use of their confidential information.  (Doc. 84 at 2)  The parties agreed also that the orders may be enforced, if necessary, in this Court.  Id. In their current filing, they seek an order effectuating their protective order in this Court.

**ORDER**

1.      The Court **GRANTS** the stipulated protective order and the supplemental protective order which are attached hereto as Exhibits A and B.

2.      In the event any party wishes to file protected documents under seal in this court, the party SHALL comply with Local Rule 141.

IT IS SO ORDERED.

Dated:   **July 9, 2013**                                    _____**/s/ Jennifer L. Thurston**_____
                                                                    UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**(STAYED FOR THE COMPLETION OF ARBITRATION)**

GAR ENERGY AND ASSOCIATES, INC.;
GONZALO A. RUIZ, AS A SUCCESSOR IN
INTEREST TO AND ASSIGNEE OF GAR
ENERGY AND ASSOCIATES, INC.; and
JANIS S. RUIZ, AS A SUCCESSOR IN INTEREST
TO AND ASSIGNEE OF GAR ENERGY AND
ASSOCIATES, INC.,

                Plaintiffs,

v.

IVANHOE ENERGY INC.; IVANHOE ENERGY
INTERNATIONAL VENTURES INC.; IVANHOE
ENERGY (LATIN AMERICA) INC.; IVANHOE
ENERGY LATIN AMERICA INC.; IVANHOE
ENERGY ECUADOR INC.; and DOES 1 through
10, inclusive,

                Defendants.

CASE NO. 1:11-CV-00907-AWI-JLT

ARBITRATION PANEL:

Marilyn Aboussie, Chairperson
Diana E. Marshall
William G. (Bud) Arnot, III

## AGREED PROTECTIVE ORDER

Upon agreement of the parties, IT IS ORDERED that:

1.    All "Classified Information" produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation and shall not be disclosed to any person except in accordance with the terms hereof.

2.    "Classified Information" as used herein means any information of any type, kind or character which is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or receiving parties, whether it be a document, information contained in a document, electronically stored information, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.

3.    Documents produced in this litigation may be designated by any party or parties (the "Designating Party") as "Classified Information" by marking each page of the document(s) with a stamp stating "Confidential" or "Attorneys' Eyes Only." Any summary, compilation or copy of any document or thing so designated as "Confidential" or "Attorneys' Eyes Only," shall be treated the same as the underlying document or thing as provided by this Protective Order.

4.    Documents unintentionally produced without designation as "Classified Information" may be retroactively designated in the manner provided above and shall be treated appropriately from the date written notice of the designation is provided to the non-designating party.

- 1 -

5.   A party will designate information as "Classified Information" only if the party believes in good faith that it contains confidential information.   Nothing shall be marked "Confidential" if it is information that:

    a.   is in the public domain at the time of disclosure;

    b.   becomes part of the public domain through no fault of the other party;

    c.   the non-designating party had in its lawful possession at the time of disclosure and the information was not otherwise restricted as to disclosure or provided under an expectation of confidentiality; or

    d.   the non-designating party lawfully receives at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the non-designating party.

Nothing in this Protective Order, however, prevents any use by a Designating Party of "Classified Information" that it designates.

6.   Nothing shall be marked "Attorneys' Eyes Only" except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the Designating Party, and comprises information which is believed to be unknown to the non-designating party.

7.   "Qualified Persons" as used herein means:

    a.   The parties and their corporate officers, directors, and employees who are assisting the parties in the litigation, or who appear as witnesses;

    b.   Attorneys of record for the parties and their necessary support personnel, including personnel associated with any outside service providers who are actively assisting with this litigation and to whom it is necessary that "Classified Information" be shown for purposes of this litigation;

    c.   The members of the Arbitration Panel and employees of such members to whom it is necessary that "Classified Information" be shown for purposes of this litigation;

    d.   Court reporters taking testimony involving "Classified Information," and supporting stenographic, videographic, and clerical personnel;

    e.   Interpreters or translators retained by counsel of record for either side for the purpose of this litigation;

    f.   Outside experts or consultants who have been designated in writing by notice to all counsel prior to any disclosure of "Classified Information," provided that (a) such experts or consultants are not presently employed by or consulting with the parties hereto, their affiliates, or their competitors for any purposes other than this

litigation; (b) before access is given, the consultant or expert signs the Confidentiality Agreement attached as Exhibit A; and (c) the Designating Party does not object to disclosure of "Classified Information" to the expert or consultant within five (5) business days after receiving written notice of the expert's or consultant's designation.  The parties will attempt in good faith to resolve any objection to an expert's or consultant's receipt of "Classified Information" before bringing the matter to the attention of the Arbitration Panel.

 g. A person whose testimony is being taken, subject to ¶ 10; and

 h. Any other person designated as a "Qualified Person" by order of the Arbitration Panel after notice and a hearing to all parties.

8. Documents marked "Confidential" shall not be disclosed or made available by the non-designating party to any person other than "Qualified Persons."

9. Documents marked "Attorneys' Eyes Only" shall not be disclosed or made available by the non-designating party to any person other than those Qualified Persons listed in ¶ 7(b)-(g) of this Order.

10. Except as otherwise approved by the Designating Party or by an order of the Arbitration Panel, "Classified Information" may be used by a non-designating party in taking testimony only if the witness is:

 a. an existing employee of the Designating Party;

 b. an expert or other person duly qualified under ¶ 7(f); or

 c. a former employee or consultant of the Designating Party who is shown on the face of the document containing the "Classified Information" to be an author or recipient of the document, or is otherwise knowledgeable of the "Classified Information" as a result of his or her employment or consultation with the Designating Party, but only to the extent of the person's knowledge of the "Classified Information."

Additionally, counsel of record for the non-designating party may disclose documents containing "Classified Information" to a former employee or consultant of the non-designating party or the Designating Party in preparation for that employee's or consultant's testimony if such documents on their face identify the former employee or consultant as an author or recipient, or the former employee or consultant is otherwise knowledgeable of the "Classified Information" as a result of his or her employment or consultation with the Designating Party, but only to the extent of the person's knowledge of the "Classified Information."

11. Copies of documents produced under this Protective Order may be made, and exhibits may be prepared by independent copy services, printers or illustrators for the purpose of this litigation.

12. Information disclosed at depositions may be designated as "Classified Information" by any party by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Protective Order. Any party may also designate information disclosed at such deposition as "Classified Information" by notifying all parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "Attorneys' Eyes Only" thereafter. If any party designates deposition testimony as containing "Classified Information," the court reporter shall mark or label the transcript as "Confidential" or "Attorneys' Eyes Only" as appropriate in light of the designation.

13. Nothing in this Protective Order will be construed as a limitation on the use or disclosure of "Classified Information" at any hearing or appeal in this matter. Unless otherwise agreed to in writing by the parties or ordered by the Arbitration Panel, if a portion of a proceeding discloses or otherwise reflects "Classified Information," that portion will be conducted in the hearing room without the presence of persons who are not Qualified Persons for the type of information being disclosed. In the event that any "Classified Information" is used in any proceeding in this action or any appeal, this Protected Material will not lose its status through such use, provided, however, that counsel confers with the Arbitration Panel or Court on necessary procedures to ensure the confidentiality of any documents, information, and transcripts used in the course of any proceedings. The parties agree to cooperate in good faith in requesting the Arbitration Panel or Court to order compliance with measures that are appropriate for the protection of the confidentiality of "Classified Information" used during such proceedings. The question of whether a designated representative from each party can have access to "Attorneys' Eyes Only" trial testimony and exhibits will be decided by the parties at the time of hearing or by the Arbitration Panel on appropriate motion.

14. A party shall not be obligated to challenge the propriety of a designation of "Classified Information" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a dispute regarding the designation of "Classified Information" or "Qualified Persons" arises, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who made the designation, and the Designating Party shall be required to move the Arbitration Panel for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

15. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof and at the option of the Designating Party, all "Classified Information" shall be returned to the Designating Party or destroyed by the non-designating party, except as this Arbitration Panel may otherwise order or to the extent such information was used as evidence at the final hearing. If after the litigation has concluded the Designating Party requests that its "Classified Information" be destroyed, the non-designating party must provide an affidavit within 30 days after such request certifying that destruction of the Designating Party's "Classified Information" has been accomplished.

16.    This Protective Order shall not prevent any attorney in the course of rendering advice to his/her client with respect to this litigation from conveying to the client his/her general evaluation of "Classified Information" produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any material designated "Attorneys' Eyes Only" produced by another party.

17.    If "Classified Information" is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall within three (3) business days after learning of such disclosure inform the Designating Party of all pertinent facts relating to the disclosure, and make every effort to retrieve the "Classified Information" and to prevent any disclosure by such unauthorized person.

18.    If any person or entity possessing "Classified Information" is subpoenaed in another action or proceeding or served with a document demand, and such subpoena requests the production of "Classified Information," the person receiving the subpoena shall give prompt written notice to counsel for the Designating Party.  The burden of opposing the enforcement of the subpoena shall fall upon the Designating Party.   Unless the Designating Party obtains an order directing that the subpoena not be complied with, and serves such order upon the party subject to the subpoena prior to production pursuant to the subpoena, the party subject to the subpoena shall be permitted to produce documents responsive to the subpoena on the subpoena response date, and such production shall not constitute a violation of this Protective Order.

19.    This Protective Order shall survive the termination of this litigation and the parties agree that the Arbitration Panel shall retain continuing jurisdiction to enforce its terms.  The parties further agree that either side may seek enforcement of the terms of this Protective Order in the United States District Court for the Eastern District of California.

SIGNED this 4th day of December , 2012.

Marilyn Aboussie, Chairperson

_____

Diana E. Marshall

_____

William G. (Bud) Arnot, III

SIGNED this 4th day of December , 2012.

_____
Marilyn Aboussie, Chairperson

_____
Diana E. Marshall

_____
William G. (Bud) Arnot, III

31ˢᵗ       JUNE

SIGNED this 4th day of __December__, 2012. 2013

_____

Marilyn Aboussie, Chairperson


_____

Diana E. Marshall

_____

William G. (Bud) Arnot, III

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**(STAYED FOR THE COMPLETION OF ARBITRATION)**

GAR ENERGY AND ASSOCIATES, INC.;
GONZALO A. RUIZ, AS A SUCCESSOR IN
INTEREST TO AND ASSIGNEE OF GAR
ENERGY AND ASSOCIATES, INC.; and
JANIS S. RUIZ, AS A SUCCESSOR IN INTEREST
TO AND ASSIGNEE OF GAR ENERGY AND
ASSOCIATES, INC.,

                Plaintiffs,

v.

IVANHOE ENERGY INC.; IVANHOE ENERGY
INTERNATIONAL VENTURES INC.; IVANHOE
ENERGY (LATIN AMERICA) INC.; IVANHOE
ENERGY LATIN AMERICA INC.; IVANHOE
ENERGY ECUADOR INC.; and DOES 1 through
10, inclusive,

                Defendants.

CASE NO. 1:11-CV-00907-AWI-JLT

ARBITRATION PANEL:

Marilyn Aboussie, Chairperson
Diana E. Marshall
William G. (Bud) Arnot, III

**CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR**
**RECEIVING CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION**

I, _MARILYN ABOUSSIE_, declare the following:

1.      I have read and understand the Agreed Protective Order in the above-captioned case (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" may be provided to me and that such access shall be governed by the terms and conditions and restrictions of the Order.  I agree to be bound by the terms of the Order and hereby subject myself to the jurisdiction of the Arbitration Panel and the United States District Court for the Eastern District of California for all purposes related to the Order.

2.      I shall not use or disclose any Confidential or Attorneys' Eyes Only Information to others, except in accordance with the Order.  I also understand that, in the event that I fail to

abide by the terms of this Confidentiality Agreement or the Order, I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Designating Party.

_Marilyn Aboussie_
Signature

MARILYN ABOUSSIE
Printed Name

112 W. BEAUREGARD
SAN ANGELO TK 76903
Address

STATE OF ___Texas___
COUNTY OF ___Tom Green___

     Subscribed and sworn to before me on this _2_ day of _____July_____, 20 _13_. Witness my hand and official seal.

_Lori D. Beatty_



LORI D. BEATTY
Notary Public
STATE OF TEXAS
My Comm. Exp. November 24, 2016

# EXHIBIT B

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(STAYED FOR THE COMPLETION OF ARBITRATION)**

| | |
|---|---|
| GAR ENERGY AND ASSOCIATES, INC., GONZALO A. RUIZ, AS A SUCCESSOR IN INTEREST TO AND ASSIGNEE OF GAR ENERGY AND ASSOCIATES, INC., and JANIS S. RUIZ, AS SUCCESSOR IN INTEREST TO AND ASSIGNEE OF GAR ENERGY AND ASSOCIATES, INC. | CASE NO. 1:11-CV-00907-AWI-JLT |
| Plaintiffs, | |
| v. | ARBITRATION PANEL: |
| IVANHOE ENERGY INC., IVANHOE ENERGY INTERNATIONAL VENTURES INC., IVANHOE ENERGY (LATIN AMERICA) INC., IVANHOE ENERGY LATIN AMERICA INC., and IVANHOE ENERGY ECUADOR INC., and DOES 1 through 10, inclusive, | Marilyn Aboussie, Chairperson Diana E. Marshall William G. (Bud) Arnot, III |
| Defendants. | |

**SUPPLEMENTAL AGREED PROTECTIVE ORDER**

Upon agreement of the parties and their counsel, IT IS ORDERED that:

1.   Documents produced in this litigation may be designated by any party or parties (the "Designating Party") as "Future Business Information" by marking each page of the document(s) with a stamp stating "Future Business Information." Any summary, compilation or other derivative of any document or thing so designated as "Future Business Information" shall be treated the same as the underlying document or thing as provided by this Protective Order.

2.   "Future Business Information" as used herein means any information of any type, kind or character which is designated as "Future Business Information" by any of the supplying or receiving parties, whether it be a document, information contained in a document, electronically stored information, information revealed during a deposition, information revealed in an interrogatory answer or otherwise, and which pertains to sensitive and confidential future business activities of the Designating Party.

1

3.   Future Business Information shall be treated as a type of "Classified Information" under the parties' prior Agreed Protective Order (the "Prior Order").   In addition to the heightened restrictions described herein, Future Business Information shall, at a minimum, be given the protections afforded information designated "Attorneys Eyes Only" under the Prior Order.  All provisions of the Prior Order remain in force unless specifically altered or amended herein.

4.   Unless the Designating Party states otherwise, Future Business Information shall be subject to the following additional restrictions:

    a.   The party receiving Future Business Information (the "Receiving Party") shall maintain no more than one (1) copy of the information, and shall not produce additional copies of the information except as specifically authorized by the Designating Party.

    b.   The attorneys of record for the Receiving Party shall keep and store Future Business Information in a secure, locked file cabinet, or, in the case of information kept in electronic form, on a password-protected disk or drive.  Only the attorneys of record for the Receiving Party and their necessary in-house support personnel (secretaries and paralegals) shall have access to the location where Future Business Information is stored.

    c.   Future Business Information shall not be disclosed or made available by the Receiving Party to any person other than the following:

        i.   The attorneys of record for the Receiving Party.

        ii.   Outside experts or consultants duly qualified under ¶ 7(f) of the Prior Order, provided that such persons shall only be allowed to access Future Business Information in person at the office of the attorneys of record of the Receiving Party, and shall not be permitted to copy or remove the information from the office.

        iii.   An existing employee of the Designating Party whose testimony is being taken, and who is shown on the face of the document containing Future Business Information to be an author or recipient of the document, or who had access to the document as a result of his or her employment with the Designating Party, but only to the extent of the person's knowledge of the Future Business Information.

        iv.   The members of the Arbitration Panel, court reporters, and other necessary court personnel including stenographers and videographers.

    d.   With the exception of those persons listed in ¶ 4(c)(i), (iii)–(iv) of this Order, Future Business Information shall not be disclosed or made available by the Receiving Party to any person who has not signed the Confidentiality Agreement attached as Exhibit A to this Order.   Promptly upon execution of the Confidentiality Agreement by any person, the Receiving Party shall send the

2

original signed version of the Confidentiality Agreement to the attorney of record for the Designating Party.

e.    GAR Energy and Associates, Inc., Gonzalo A. Ruiz and Janis S. Ruiz shall not have a right to access or view Future Business Information designated by the Ivanhoe Defendants, except that Mr. Ruiz may view a summary of Future Business Information, approved in advance and in writing by the Ivanhoe Defendants, for the purpose of case evaluation and settlement consideration. The parties agree to cooperate in good faith on a mutually agreeable summary of Future Business Information to be used for this purpose.

f.    The Receiving Party may not use Future Business Information at a hearing or other proceeding in this litigation (except depositions of the parties' damages experts) unless it gives notice to the Designating Party of its intent to use such information at least ten (10) days before the planned use, and cooperates in good faith with the Designating Party's reasonable efforts to prevent disclosure to persons who are not authorized by this Order to view the information.

5.    The parties and their attorneys of record agree that the attorneys of record shall be bound by the terms of this Protective Order and subject to the enforcement provisions therein to the same extent as the parties.

6.    This Protective Order shall survive the termination of this litigation and the parties agree that the Arbitration Panel shall retain continuing jurisdiction to enforce its terms. The parties further agree that either side may seek enforcement of the terms of this Protective Order in the United States District Court for the Eastern District of California.

SIGNED this _____ day of _____, 2013.

_____
Marilyn Aboussie, Chairperson

June 27, 2013

_____
Diana E. Marshall

_____
William G. (Bud) Arnot, III

4

SIGNED this _____ day of _____, 2013.


_____
Marilyn Aboussie, Chairperson


_____
Diana E. Marshall


_____
William G. (Bud) Arnot, III

4

SIGNED this 31ˢᵗ day of _____ JUNE _____, 2013.

_____
Marilyn Aboussie, Chairperson


_____
Diana E. Marshall


_____
William G. (Bud) Arnot, III

### EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## (STAYED FOR THE COMPLETION OF ARBITRATION)

| | |
|---|---|
| GAR ENERGY AND ASSOCIATES, INC., GONZALO A. RUIZ, AS A SUCCESSOR IN INTEREST TO AND ASSIGNEE OF GAR ENERGY AND ASSOCIATES, INC., and JANIS S. RUIZ, AS SUCCESSOR IN INTEREST TO AND ASSIGNEE OF GAR ENERGY AND ASSOCIATES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>IVANHOE ENERGY INC., IVANHOE ENERGY INTERNATIONAL VENTURES INC., IVANHOE ENERGY (LATIN AMERICA) INC., IVANHOE ENERGY LATIN AMERICA INC., and IVANHOE ENERGY ECUADOR INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 1:11-CV-00907-AWI-JLT<br><br><br><br><br><br><br>ARBITRATION PANEL:<br><br>Marilyn Aboussie, Chairperson<br>Diana E. Marshall<br>William G. (Bud) Arnot, III |

### CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR
### RECEIVING FUTURE BUSINESS INFORMATION

I, _____, declare the following:

1.     I have read and understand the Supplemental Agreed Protective Order in the above-captioned case (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "Future Business Information" may be provided to me and that such access shall be governed by the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order and hereby

6

subject myself to the jurisdiction of the Arbitration Panel and the United States District Court for

the Eastern District of California for all purposes related to the Order.

      2.     I shall not use or disclose any Future Business Information to others, except in

accordance with the Order. I also understand that, in the event that I fail to abide by the terms of

this Confidentiality Agreement or the Order, I may be subject to sanctions by way of contempt of

court and to separate legal and equitable recourse by the adversely affected Designating Party.

_____
Signature

MARILYN ABOUSSIE
_____
Printed Name

112 W. BEAUREGARD
_____
Address
SAN ANGELO TX 76903

STATE OF _Texas_
COUNTY OF _Tom Green_

     Subscribed and sworn to before me on this __2__ day of __July__, 20__13__. Witness my hand and official seal.



LORI D. BEATTY
Notary Public
STATE OF TEXAS
My Comm. Exp. November 24, 2016

_____

7